(No. 76-CC-2682–

NATHAN OLKEN and NORA OLKEN, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 12, 1981.*

HOFFMAN AND DAVIS (PAULA JACOBI, of counsel), for Claimants.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This cause comes before this Court on a stipulation by the parties. The complaint herein sounds in the breach of a real estate lease contract entered into between the Claimants and the Respondent.

The lease was for property located at 560-62 West Roscoe Street in Chicago, Illinois. The Respondent had agreed to lease the property for two years commencing July 1, 1975, and ending June 30, 1977, at a monthly rental of $3,083.33. Although the State took occupancy of the premises on July 1, 1975, it vacated and terminated the lease in mid-August 1975.

The complaint herein contains two counts. The first count seeks damages for the Respondent's alleged breach of that provision of the lease providing that the premises would be returned in as good condition as at the date of taking possession. The Claimants alleged that certain damage had been done to the leasehold and that certain items of personal property were missing at the time the premises were returned to the Claimants. Count I of the complaint seeks $18,325.00 in damages.

Count II of the complaint alleges that the Respondent had wrongfully terminated the lease without justifiable cause as provided in the lease. The Claimants seek the total rent due under the lease ($73,999.92) less previous payments by the State ($9,250.00) for a net total of $64,749.92.

In the stipulation, the Respondent has admitted that the certain items of personal property were removed from the premises while it was occupied by the Department of Corrections. In addition, the Respondent has admitted that the termination was wrongful.

After a series of arm's-length negotiations, the parties have agreed to compromise this claim subject to this Court's approval. The amount agreed upon is $10,000.00 (ten thousand and 00/100 dollars) which would satisfy both counts of the complaint. The parties have pointed out the difficulty of proof because of the passage of time since the events in question and the present unavailability of competent witnesses.

This Court does not have to accept the conclusions and recommendations of any party before it concerning the resolution of suit where the State is obligated to pay money. This Court is mindful of the responsibilities imposed upon it by the legislature in determining the

validity of claims against the sovereign. The main task this Court undertakes is to protect State funds from being paid out without valid reasons.

However, where, as in the present case, the State has admitted that it has caused damage to a Claimant and that Claimant is willing to compromise his claim, this Court will not set aside the expressed intentions of the parties where the negotiations have been at arm's-length and resolved with full authority by both sides. This is especially true where the amount agreed upon appears to be reasonable under the circumstances of the case. We, therefore, approve the stipulation of the parties now pending before the Court.

It is hereby ordered, that $10,000.00 be and the same hereby is, awarded to Nathan and Nora Olken, Claimants, in full and complete satisfaction of any and all claims arising out of the complaint filed herein.